UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 3:25-CR-00070-GHD-RP

SPANJERS DUMAS
JARVIS WINGO                                                    DEFENDANTS

---

OPINION

---

Presently before the Court is Defendant Spanjer Dumas' motion to suppress evidence [Doc. No. 40].

The Defendant Dumas, along with his co-defendant Jarvis Wingo, was indicted [1] on May 29, 2025, in a one-count Indictment for knowingly and intentionally possessing with intent to distribute 50 grams or more of methamphetamine (actual) in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dumas has now filed the pending Motion to Suppress Evidence [40], in which he seeks to have the Court suppress the introduction of evidence (methamphetamine) that was seized from a suitcase in the rear cargo area of a rental car Dumas was driving. The search was conducted by Trooper Adam Zachary on October 17, 2024, during a traffic stop on Interstate 22 in Union County, Mississippi.[1]

The Court held a hearing relative to the Defendant's motion on April 9, 2026. For the reasons set forth below, the Court holds that Dumas' motion should be denied and that the subject evidence should not be suppressed.

I. **Standard of Review**

Generally, on a motion to suppress, the defendant has the burden of proving, by a

---

[1] Dashcam video of the entire traffic stop, search, and arrest, as recorded by the dashboard video camera in Trooper Zachary's patrol vehicle, is in the record [49].

preponderance of the evidence, that the evidence in question was obtained in violation of his constitutional rights. *United States* v. *Guerrero-Barajas,* 240 F.3d 428, 432 (5th Cir. 2001). However, "[w]hen the government searches or seizes a defendant without a warrant, the government bears the burden of proving, by a preponderance of the evidence, that the search or seizure was constitutional." *Id.* Accordingly, because the search in question in the case *sub judice* was a warrantless search, the government bears the burden of proving that the search was constitutional.

"In an evidentiary hearing, the Court sits as a finder of fact and must resolve all disputed issues." *United States v. Lopez,* 817 F. Supp. 2d 918,919 fn.2 (S.D. Miss. 2011) (citing *United States v. Willis,* 525 F.2d 657,659 (5th Cir. 1976)). "[C]redibility determinations and the resolution of conflicting testimony at a suppression hearing are the responsibility of the district court as trier of fact." *United States* v. *Turner,* 628 F.2d 461, 465 (5th Cir. 1980). In conducting a suppression hearing, the court is not bound by the Federal Rules of Evidence. Fed. R. Evid. 104(a); see *United States v. Posado*, 57 F.3d 428, 435 (5th Cir. 1995) ("We have consistently held that the rules of evidence are relaxed in pretrial suppression hearings.").

## II.     Factual Background

On October 17, 2024, the Defendant was driving a rental car on Interstate-22 in Union County. His nephew and co-defendant, Jarvis Wingo, was riding in the passenger seat. State Trooper Adam Zachary pulled the Defendant over for speeding (76 mph in a 70 mph zone) and improper merging after Zachary's radar system showed that the Defendant was exceeding the speed limit. Trooper Zachary testified that he smelled marijuana emanating from the vehicle when he approached the passenger side door to speak with Dumas and Wingo. During the stop, Wingo

rolled down his window to speak to Zachary. When Zachary asked about the smell of marijuana, Wingo handed Zachary marijuana paraphernalia and a "smoked end" of a marijuana cigarette; Wingo also told Zachary that he (Wingo) had smoked marijuana earlier that day in the vehicle. Trooper Zachary then obtained criminal history information on the Defendant and called for another trooper to provide back-up for a search of the vehicle. Zachary searched the vehicle and discovered approximately 100 pounds of methamphetamine, along with six pounds of marijuana, in a suitcase located in the rear cargo area of the vehicle. The Defendant and Wingo were subsequently indicted as noted above.

The Defendant has now filed the present motion, arguing that Trooper Zachary did not possess probable cause to stop and search the vehicle and its contents. The Government opposes the motion.

## III. Analysis

It is axiomatic that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *California v. Acevedo*, 500 U.S. 565, 580 (1991). One such exception that is "specifically established and well-delineated" is the so-called automobile exception. *United States v. Ross*, 456 U.S. 798, 825 (1982). "The automobile exception allows police to search a vehicle if they have probable cause to believe that the vehicle contains contraband." *U.S. v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006) (citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)). Probable cause to search a vehicle "depends on the totality of the circumstances viewed in light of the observations, knowledge, and training of the law enforcement officers involved in the warrantless search." *United States v. McSween*, 53 F.3d 684, 686 (5th Cir. 1995); *Illinois v. Gates,* 462 U.S. 213, 230–31 (1983).

As for the traffic stop in the case *sub judice*, Trooper Zachary testified that his radar system, which he calibrated earlier that day, indicated that the Defendant's vehicle was exceeding the speed limit (76 mph in a 70 mph zone) and the Defendant was driving in an unsafe manner (improper merging). The Government argues these facts provide objectively reasonable suspicion and justification for the stop. *Terry v. Ohio*, 392 U.S. 1, 19-20 (1969); *United States v. Walker*, 49 F.4th 903, 907 (5th Cir. 2022); *United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005). Given that Zachary testified that his recently-calibrated radar system confirmed the Defendant was speeding, and the Defendant does not dispute that he was exceeding the speed limit, the Court finds that the traffic stop was supported by reasonable suspicion and was justified and constitutionally permissible.

Next, the Government argues that Trooper Zachary had probable cause to search the Defendant's rental vehicle based upon the odor of marijuana coming from the vehicle, which was further confirmed by the paraphernalia and marijuana cigarette end surrendered by Wingo during the stop. Fifth Circuit jurisprudence overwhelmingly affirms reasonable suspicion for a warrantless vehicle search based on the odor of marijuana emanating from a vehicle during a traffic stop. See *U.S. v. Rodriguez*, No. 20-20062, 2021 WL 3619856, at *3 (5th Cir. Aug. 13, 2021); *U.S. v. Henry*, No. 15-26, 2015 WL 6479029 (M.D. La. Oct. 27, 2015), *aff'd*, 853 F.3d 754 (5th Cir. 2017); *U.S. v. Lork*, 132 F. App'x 34, 35–36 (5th Cir. 2005) (holding that, after conducting lawful traffic stop for speeding, officer detected odor of marijuana emanating from defendant's vehicle, thereby creating probable cause to search vehicle); *U.S. v. Moore*, 329 F.3d 399, 405 (5th Cir. 2003); *U.S. v. Ibarra-Sanchez*, 199 F.3d 753, 760 (5th Cir. 1999) ("This Court has consistently held that the smell of marihuana alone may constitute probable cause to search a vehicle."); *U.S. v. Reed,* 882 F.2d 147, 149 (5th Cir. 1989).

4

Furthermore, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *U.S. v. Davalos*, 165 F.4th 928, 932-33 (5th Cir. 2026); *U.S. v. Ross*, 456 U.S. 798, 825 (1982); *Acevedo*, 500 U.S. at 572, 580 (holding "this Court in *Ross* took the critical step of saying that closed containers in cars could be searched without a warrant because of their presence within the automobile"); *Wyoming v. Houghton*, 526 U.S. 295, 301 (1999) ("When there is probable cause to search for contraband in a car, it is reasonable for police officers . . . to examine packages and containers without a showing of individualized probable cause for each one" and "[w]e hold that police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search."); *U.S. v. Johns,* 469 U.S. 478, 479–480 (1985) (holding that *Ross* "held that if police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of any containers found inside that may conceal the object of the search").

Based on the testimony presented at the hearing and the above precedent, the Court finds that Trooper Zachary possessed reasonable suspicion to conduct a traffic stop of Dumas' vehicle, and possessed probable cause to search the vehicle and its contents based upon Trooper Zachary's undisputed testimony that the vehicle was speeding (confirmed by radar) and that he smelled the odor of marijuana emanating from the vehicle, particularly given that his suspicion was confirmed by Wingo surrendering marijuana paraphernalia and a smoked marijuana cigarette end during the stop.

The Court therefore finds that the Government has met its burden to demonstrate that the stop of the vehicle in this case was constitutional. The Court further finds that the Government has met its burden to demonstrate the search of Dumas' rental vehicle was

constitutionally permissible. Dumas' motion to suppress the evidence discovered during the search shall therefore be denied.

## IV. Conclusion

For these reasons the Court finds that the United States has proven by a preponderance of the evidence that the stop and search of the Defendant's rental vehicle on October 17, 2024, was constitutional. Accordingly, the Defendant's motion to suppress shall be denied.

An order in accordance with this opinion shall issue this day.

This, the 16th day of April, 2026.

_____

SENIOR U.S. DISTRICT JUDGE